UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BETHANY ALTHEIM,**

 **Plaintiff,**

**v.**             Case No. 8:10-cv-156-T-24TBM

**GEICO GENERAL INSURANCE
COMPANY,**

 **Defendant.**
              /

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Compel Documents Listed on GEICO's Privilege Log** (Doc. 33) and Defendant's response in opposition (Doc. 39). A telephonic hearing on the motion was conducted November 6, 2010.

Plaintiff seeks an order compelling production of all documents listed on GEICO's privilege log which pre-date entry of the final judgment in the underlying action (December 15, 2009). In support, Plaintiff cites the Florida Supreme Court's opinion in *Allstate Indemnity Co. v. Ruiz,* 899 So. 2d 1121 (Fla. 2005), for the proposition that in a first-party bad faith case, the attorney-client and work-product privileges do not protect from disclosure materials contained within the insurer's claim file <u>prior</u> to the date of entry of the final judgment. Additionally, Plaintiff argues that the mediation privilege does not apply here. Plaintiff requests an order compelling production of all documents on GEICO's privilege log

which pre-date the underlying final judgment, or alternatively, an in camera review by the court to determine the appropriateness of the asserted privileges.

In response, Defendant argues that the document requests, as worded, are overly broad because they potentially encompass attorney-client and work-product privileged communications made in anticipation of the current bad faith litigation. Defendant distinguishes *Ruiz* stating it applies only to work-product protected materials, and the holding of the case does not extend to materials covered by the attorney-client privilege. And to the extent that *Ruiz* applies at all, it applies only to those documents related to the underlying case, and not those documents prepared in anticipation of the bad faith litigation. As for the claim that the mediation privilege does not apply, Defendant disagrees. Lastly, regarding the flow chart inadvertently contained within the claim file (GLC 2165), Defendant represents that the document has nothing to do with the underlying case, nor the bad faith action, but rather is confidential business information that was misfiled in the claim file. As for the request for in camera review, Defendant urges that this would be duplicitous of GEICO's efforts, and therefore is unnecessary.

Upon consideration, Plaintiff's Motion to Compel Documents Listed on GEICO's Privilege Log (Doc. 33) is **granted in part**. Defendant may not claim work-product protection for matters within the underlying PIP file and the UM claim file (by whatever name) up to the date of the resolution of the underlying claim. *See Ruiz*, 899 So. 2d at 1129-30 ("all materials including documents, memoranda, and letters, contained in the underlying claim and related litigation file material that was created up to and including the date of

2

resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages, should . . . be produced in a first-party bad faith action"). To the extent that GEICO has withheld production of relevant matters on the basis solely of the work-product privilege, such matters shall be produced. *See id.* at 1131 ("work product protection that may otherwise be afforded to documents prepared in anticipation of litigation of the underlying coverage dispute does not automatically operate to protect such documents from discovery in the ensuing . . . bad faith action"). Similarly, I find no mediation privilege applicable to prevent the discovery in this case. Section 44.405, Fla. Stat., provides that "[a] mediation participant[1] shall not disclose a mediation communication[2] to a person other than another mediation participant or a participant's counsel." Fla. Stat. 44.405(1). By definition, the privilege contemplates protecting disclosure of communications that were made during mediation to others outside the mediation process. I agree with Plaintiff that the mediation privilege is inapplicable here where both Plaintiff and Defendant were mediation participants and there has been no effort to disclose the communications to persons other than mediation participants. Moreover, to the extent that the communication occurred outside the mediation process, the privilege cannot be invoked in any event. Thus, the communications designated as mediation communications shall also be produced.

---

[1] A "mediation participant" is defined under Florida statutes as "a mediation party or a person who attends a mediation in person or by telephone, videoconference, or other electronic means." Fla. Stat. § 44.403(2).

[2] "Mediation communication" means an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation. Fla. Stat. § 44.403(1).

3

As suggested at the hearing, I do not share the broad reading of *Ruiz* as urged by Plaintiff regarding the application of the attorney-client privilege to discovery of claim files in a subsequent bad faith action. Rather, by my reading, *Ruiz* addresses the appropriateness of discovery in these later-filed bad faith cases of matters in the claim file otherwise protected as work-product. It provides no authority for the wholesale piercing of the attorney-client privilege in connection with such discovery. Until such time as the Florida Supreme Court undertakes to decide the matter, I am obliged to side with those lower courts concluding that the privilege should be maintained. *See West Bend Mut. Ins. Co. v. Higgins*, 9 So.3d 655, 657 (Fla. Dist. Ct. App. 2009); *XL Specialty Ins. Co. v. Aircraft Holdings, LLC*, 929 So.2d 578 (Fla. Dist. Ct. App. 2006); *Liberty Mut. Fire Ins. Co. v. Bennett*, 939 So.2d 1113, 1114 (Fla. Dist. Ct. App. 2006). Thus, to the extent that counsel, Mr. Golding and his associates, and GEICO engaged in attorney-client communications in connection with the UM claim litigation, they need not be produced. As for a number of entries on the privilege log, it is difficult if not impossible to determine from the entry whether such matters are, in fact, privileged. For instance, the numerous listings of "deposition summary" or "medical summary" or "record summaries" without more does not support the claim of attorney client privilege. In any event, such appears to be work-product which I have ordered produced. Thus, defense counsel shall again review each such entry. To the extent that there are no attorney-client communications therein, such shall be produced. With regard to the bills for legal services, those bills containing entries prior to the date of the judgment in the underlying case are discoverable. Thus, in a bad faith action brought by an insured, to the

extent that a legal bill contains a description of billed-for attorney activities that predate the underlying judgment, the bill for legal services prepared for the insurer by its attorneys would not necessarily be immune from discovery. *See W. Bend Mut. Ins. Co.,* 9 So. 3d at 657. However, consistent with my ruling above, where such billing entries reflect attorney-client privileged communications, those communications may be appropriately redacted by Defendant prior to production. Otherwise the same shall be produced.

Finally, there are numerous entries involving in-house counsel or corporate counsel and others at GEICO and ALOG entries made by adjusters or others at GEICO which may or may not merit any privilege. Within ten (10) days from the date of this Order, copies of all such matters shall be submitted to chambers for an in camera review.

Any production required hereby shall be made within ten (10) days from the date of this Order. To the extent not granted hereby, the motion (Doc. 33) is **denied**.

**Done and Ordered** in Tampa, Florida, this 8th day of December 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record